IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CITGO PETROLEUM CORPORATION,** | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.  4:15-cv-3213 |
| **JAMES C. JUSTICE COMPANIES, INC.,** | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, CITGO Petroleum Corporation, files this Original Complaint against Defendant James C. Justice Companies, Inc., and would show the Court as follows:

### I. PARTIES

1. Plaintiff CITGO Petroleum Corporation ("CITGO") is a Delaware corporation with its principal place of business in Houston, Texas.

2. Defendant James C. Justice Companies, Inc. is a foreign corporation formed under the laws of Delaware with a principal place of business in West Virginia.  As set forth more fully below, Defendant entered into a sales agreement with CITGO, which requires performance in Texas, at least in part.  Defendant therefore engages in business in this state.  Defendant does not, however, maintain a place of business nor does it have a registered agent for service of process in the State of Texas.  Service of process on Defendant may be made according to the laws of the State of Texas by serving its registered agent in Delaware.  According to the Delaware Secretary of State's Office, Defendant has identified The Corporation

Trust Company as its registered agent, with an address of Corporation Trust Center, 1209 Orange St., Wilmington, Delaware, 19801.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper because CITGO and Defendant are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000. 28 U.S.C. § 1332.

4. Defendant is subject to personal jurisdiction in Texas because the claims in this case arise out of its contacts with Texas. Those contacts include the performance of a certain contract in Texas. CITGO and Defendant negotiated and entered into a sales agreement, which requires performance in Texas, at least in part. The claims asserted by CITGO against Defendant arise from its obligations under this agreement and thus relate to or arise from Defendant's activities in Texas. Accordingly, Defendant is subject to specific jurisdiction in Texas for claims relating to or arising out of the sales agreement.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in the Southern District of Texas. As such, this matter is properly before this Court.

6. All conditions precedent to the filing of this cause of action have been satisfied.

## III. FACTS

7. From April 2015 through July 2015, Defendant purchased significant quantities of lubricant products from CITGO (the "Lubricants") for use in its coal mining operations.[1] Defendant made these purchases pursuant to a sales agreement wherein CITGO agreed to sell

---

[1] Defendant purchased several lubricant products from CITGO, including CITGO Lithoplex® RT Grease, CITGO Lithoplex® HM, Transgard® HD Trans Fluid, and CITGO HyDurance® AW Fluid.

2

certain Lubricants to Defendant on a rolling, direct sale basis (the "Sales Agreement").  Although the parties did not execute a written contract, they did expressly agree on the price, quantity, payment terms, delivery time and location for each transaction.  Defendant made more than one hundred Lubricant purchases from CITGO over the course of four months in early 2015.

8. Defendant initiated each transaction by calling an independent distributor of CITGO products, Jones Petroleum Company, Inc. ("Jones Petroleum"), to place an order for CITGO Lubricants.  Jones Petroleum fulfilled Defendant's orders by delivering the requested quantity of Lubricants to Defendant at an agreed time and location.  Delivery tickets issued by Jones Petroleum for each shipment confirm that Defendant accepted the goods.  The delivery tickets listed the type and quantity of Lubricant, the date, and the destination for each delivery.  Each delivery ticket had a unique reference number, and CITGO used these numbers when it issued invoices to Defendant for the Lubricants.

9. After Jones Petroleum delivered the products, Jones Petroleum reported the successful deliveries to CITGO.  Then, CITGO's system automatically generated two invoices: one to Jones Petroleum and one to Defendant.  The invoices to Jones Petroleum credited them for the product delivered and paid them for the delivery.  The invoices to Defendant charged them for the Lubricants and included references to each corresponding delivery ticket.  The invoices set forth the type and quantity of the Lubricants ordered by Defendant, their price, CITGO's payment terms, and the shipping information.

10. CITGO opened a credit account for Defendant to facilitate purchases under the Sales Agreement.  Prior to entering into the Sales Agreement, Defendant provided financial documents to CITGO so that CITGO could evaluate its creditworthiness.  These documents included a set of audited financial statements for the year 2013 and an unaudited set of financial

statements for the year 2014.  CITGO authorized all purchases under the Sales Agreement on credit and in reliance on the financial documents provided by Defendant.

11. Defendant made one payment to CITGO under the Sales Agreement but failed to make any additional payments as they came due.  CITGO contacted Defendant multiple times and demanded payment for all unpaid quantities of Lubricants ordered by Defendant, but Defendant has failed to provide any meaningful responses to CITGO's requests.  In violation of its contractual obligations under the Sales Agreement, Defendant has failed to remit full payment to CITGO.  As of September 25, 2015 the sum of $632,929.16 was due and owing from Defendant to CITGO for these purchases, exclusive of the permitted service charge, attorneys' fees, costs, expenses, or other chargeable amounts for which Defendant is responsible.  CITGO's damages are increasing daily.

### IV.  CLAIMS AND CAUSES OF ACTION

**1.  Count I: Seller's Action for the Price of Goods Sold**

12. CITGO hereby incorporates the paragraphs above as though fully set forth herein.

13. The sale of Lubricants by CITGO to Defendant is governed by Article Two of the Uniform Commercial Code, as adopted by Texas in TEX. BUS. & COM. CODE § 2.101, *et seq.* (the "UCC").

14. The Lubricants are "goods" as that term is defined in the UCC because they were "movable at the time of identification to the contract for sale." TEX. BUS. & COM. CODE § 2.105(a).

15. Both CITGO and Defendant are entities that deal in Lubricants or employ agents having specialized knowledge of Lubricants and thus meet the definition of "merchants" as defined in the UCC.  *See* TEX. BUS. & COM. CODE ANN. § 2.104(a).

16. Under Texas' adaptation of the UCC, "[w]hen the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under [§ 2.710], the price of goods accepted." TEX. BUS. & COM. CODE ANN. § 2.709(a).

17. Defendant requested, ordered, and offered to purchase the Lubricants.

18. CITGO accepted Defendant's offer to purchase the Lubricants, thus forming a binding contract for the sale of the Lubricants.

19. Thereafter, CITGO sold, shipped, tendered, and delivered the Lubricants to Defendant as shown by the invoices and delivery tickets.

20. Defendant accepted the Lubricants when CITGO delivered them.

21. The collective remaining price for the Lubricants is $632,929.16. This price became completely due and owing by Defendant to CITGO on September 25, 2015. Defendant has a duty to pay the outstanding $632,929.16 price due and owing on the Lubricants.

22. Defendant breached the Sales Agreement with CITGO because Defendant failed to pay the price of the Lubricants as the invoices became due.

23. CITGO is entitled to recover from Defendant the $632,929.16 price remaining on the contract price plus interest, incidental damages, attorneys' fees, and court costs.

**2. Count II: Common Law Breach of Contract for Failure to Remit Payment for Lubricant Purchases**

24. CITGO hereby incorporates the paragraphs above as though fully set forth herein.

25. The Sales Agreement is a valid contract, and it is enforceable by and binding upon Defendant and CITGO.

26. Under the terms of the Sales Agreement, Defendant agreed to purchase specified quantities of Lubricants, and CITGO agreed to sell and deliver such Lubricants to Defendant.

27. Defendant agreed to pay CITGO for the Lubricants in accordance with the terms set forth on each invoice.

28. CITGO has fully performed its obligations as required by the Sales Agreement.

29. Defendant purchased Lubricants from CITGO, but it has failed to remit full payment. Despite demand, Defendant has failed to fulfill its payment obligations to CITGO for certain Lubricants purchases made by Defendant.

30. Defendant's failure to perform is not excused by any reason.

31. Defendant's failure to pay the amounts due and owing to CITGO constitutes a breach of contract. CITGO has sustained damages because of Defendant's breach and is therefore entitled to recover monetary damages, as well as attorneys' fees, interest, and costs.

### 3. Count III: Quantum Meruit

32. To the extent not inconsistent and solely in the alternative to Counts I, II, IV, and V, Plaintiff incorporates the allegations set forth in paragraphs 1 through 11 above as if they were set forth herein and asserts a cause of action for quantum meruit.

33. Defendant obtained valuable goods from CITGO in the form of the Lubricants.

34. Defendant accepted and used the Lubricants under circumstances where it was reasonably notified that CITGO expected to be paid the price set forth in the invoices and purchase orders.

35. Plaintiff seeks payment from Defendant under the theory of quantum meruit and is entitled to monetary damages, as well as attorneys' fees, interest, and costs.

### 4. Count IV: Promissory Estoppel

36. To the extent not inconsistent and solely in the alternative to Counts I, II, III, and V, Plaintiff incorporates the allegations set forth in paragraphs 1 through 11 above as if they were set forth herein and asserts a cause of action for promissory estoppel.

37. Defendant made a promise to CITGO that it would pay an agreed price for the Lubricants. This price was set forth in the invoices issued by CITGO.

38. CITGO, to its detriment, relied on that promise when it delivered the Lubricants to Defendant.

39. CITGO's reliance on Defendant's promise was foreseeable.

40. Because CITGO has not received payment for the Lubricants, the injustice done to CITGO may only be avoided by enforcing the Defendant's promise to remit full payment due to CITGO under the parties' Sales Agreement.

41. CITGO suffered an injury because Defendant failed to pay for the Lubricants, and CITGO is therefore entitled to recover monetary damages, as well as attorneys' fees, interest, and costs.

**5. Count V: Unjust Enrichment**

42. To the extent not inconsistent and solely in the alternative to Counts I, II, III, and IV, Plaintiff incorporates the allegations set forth in paragraphs 1 through 11 above as if they were set forth herein and asserts a cause of action for unjust enrichment.

43. Plaintiff has conferred a benefit on Defendant in the form of the Lubricants. By wrongfully accepting and using the Lubricants without paying for them, Defendant obtained a benefit by fraud or the taking of an undue advantage to the detriment of CITGO.

44. Defendant will be unjustly enriched if it is able to keep the Lubricants without payment for same.

45. Plaintiff seeks monetary damages from Defendant for unjust enrichment, as well as attorneys' fees, interest, and costs.

**ATTORNEYS' FEES**

46. CITGO is represented by Hogan Lovells US LLP in this matter.

47. CITGO presented its claim for the unpaid invoices to Defendant on September 25, 2015.

48. More than 30 days have passed since CITGO presented its claim, and Defendant has failed to tender payment.

49. CITGO is entitled to recover reasonable attorneys' fees under the provisions of TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 *et seq*.

**PRAYER**

For the above reasons, Plaintiff CITGO Petroleum Corporation asks that Defendant be cited and made to appear herein and answer the above allegations, and that judgment be rendered in favor of Plaintiff:

    a) A judgment that CITGO is entitled to all lawful monetary damages from Defendant under its Action for the Price of Goods Sold;

    b) In the alternative, a judgment that Defendant breached its obligations under the Sales Agreement by failing to remit payment for Lubricant purchases and is accordingly liable to CITGO for all lawful monetary damages;

    c) In the alternative, a judgment that Defendant is liable to CITGO under CITGO's quantum meruit theory, and is accordingly liable for all lawful monetary damages;

d) In the alternative, a judgment that Defendant is liable to CITGO under CITGO's promissory estoppel theory, and is accordingly liable for all lawful monetary damages;

e) In the alternative, a judgment that Defendant was unjustly enriched by failing to pay CITGO for the Lubricants and is accordingly liable to CITGO for all lawful monetary damages;

f) Reasonable attorneys' fees;

g) Costs of suit;

h) Pre- and post-judgment interest; and

i) Such other and further relief to which CITGO may show itself to be justly entitled.

Respectfully submitted,

By: */s/ Aaron R. Crane*
    Aaron R. Crane
    Attorney-in-Charge
    Texas SBN 24050459
    Southern District ID No. 619093
    Of Counsel:
    Robert L. Pillow
    Texas SBN 24080315
    Southern District ID No. 2258484
    **HOGAN LOVELLS US, L.L.P.**
    700 Louisiana, Suite 4300
    Houston, Texas  77002
    T (713) 632-1400
    D (713) 632-1446
    F (713) 632-1401

    **Counsel for CITGO Petroleum Corporation**